UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DAVID HILL, a legally incapacitated
person and JOHN YUN, legal guardian of
JERRY DAVID HILL,

            Plaintiffs,        Civil Action No.: 14-12840
                                    Honorable Denise Page Hood
      v.                      Magistrate Judge David R. Grand

TRAVELERS CASUALTY AND
SURETY COMPANY, a foreign corporation,

            Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT INTERVENING PARTIES' MOTION TO INTERVENE [6]

**I.    RECOMMENDATION**

This matter is before the Court upon Cardinal Referral Network, LLC; TBI Villas of Troy, LLC; and TBI Management, LLC's ("Intervening Parties") Motion to Intervene, pursuant to Fed. R. Civ. P. 24(a)(2), or, in the alternate, 24(b). [6]. For the reasons set forth below, the Court recommends granting the Intervening Parties' Motion to Intervene [6].

**II.    REPORT**

    **I.    BACKGROUND**

This action stems from a complaint brought by Plaintiff Jerry Hill ("Hill") by and through his legal guardian, John Yun, for the recovery of medical expenses incurred following being hit by a motor vehicle on November 9, 2013. [1 at Ex. 2]. Hill asserts that he was covered by a "policy of automobile no fault insurance" provided by Defendant Travelers Casualty and Surety Company ("Travelers)" on the date of his accident, and that Travelers has refused to provide

benefits under that policy despite being obliged to do so under Michigan's No-Fault Insurance Act, MCLA 500.3101 *et seq*., and MSA 24.13131, *et seq*. [*Id*.]. The Intervening Parties assert that: (1) they provided medical care and services to Hill valued at more than $400,000 between March 2014 and August 2014; (2) Travelers is required to compensate the Intervening Parties under the terms of Michigan's No-Fault Act, MCL 500.3105, for those services; (3) they submitted invoices to Travelers requesting payment for those services, but which Travelers refused to pay; and (4) they therefore have a right to intervene in this action to recover the amounts allegedly due to them from Travelers. [6 at 2].

## II.     MOTION TO INTERVENE STANDARDS

### A.     Federal Rule of Civil Procedure 24

Federal Rule of Civil Procedure 24 governs mandatory and permissive intervention of non-parties into a lawsuit. "The very purpose of intervention, whether of right or permissive, is to enable those satisfying the requirements of Rule 24 to assert their interests in all pending aspects of the lawsuit" where their interests may be affected. *United States v. Bd. of Educ.*, 605 F.2d 573, 576 (2nd Cir. 1979). "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

### B.     Intervention by Right Under Rule 24(a)(2)

Rule 24(a)(2) provides that the Court *must* permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2).

To intervene under Rule 24(a)(2), a potential intervenor must establish that:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). The burden of demonstrating these factors rests with the potential intervenor, and "failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

### B.   Permissive Intervention under Rule 24(b)

Under Rule 24(b), the Court *may* allow a party to permissively intervene if: (1) the motion is timely; (2) the intervenor's claim or defense shares a question of law or fact in common with the action; and (3) the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000).

## III.   ANALYSIS

### A.   Intervention by Right

The Sixth Circuit "subscribe[s] to a rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter,* 188 F.3d at 398 (citation and internal quotation marks omitted). However, a prospective intervenor "must have a direct and substantial interest in the litigation," *Grubbs,* 870 F.2d at 346, such that it is a "real party in interest in the transaction which is the subject of the proceeding." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 317 (6th Cir. 2005) (quotation omitted).

The timeliness of a motion to intervene "should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). Five factors should be considered in making this determination:

> 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011). All of these factors favor granting the Intervening Parties' Motion to Intervene.

Hill commenced this action on June 12, 2014 in Wayne County Circuit Court. [1 at Ex. A]. The suit was removed to federal court on July 21, 2014. [1]. Travelers filed an answer on August 28, 2014. [2]. The Intervening Parties assert that they filed a motion to intervene in Wayne County Circuit Court without notice of the removal of this matter to federal court. [6 at 3]. This motion appears to have been granted on November 12, 2014, and subsequently withdrawn on November 18, 2014. [6 at Ex. B, C]. The Intervening Parties do not establish why they were unaware of the action's removal, nor when they became so aware. The Intervening Parties then filed the instant Motion to Intervene on December 5, 2014. [6]. On January 13, 2014, Travelers filed a response in which it simply "defer[red] to the discretion of the Court as to whether or not the proposed Intervening Plaintiff should be allowed in the current action." [8 at 3]. Hill did not file a response to the instant Motion to Intervene.

A motion to intervene will generally fail when "extensive litigation activity" has already occurred, such as the identification of all witnesses, the conclusion of discovery, and the taking of depositions. *Johnson v. City of Memphis*, 73 F. App'x 123, 132 (6th Cir. 2003). Because discovery has not yet concluded – indeed, more than 60 days remain in the discovery period – the motion to intervene is timely. *See Pride v. Allstate Ins. Co.*, No. 10-13988, 2011 WL 692299, at *3 (E.D. Mich. Feb. 18, 2011) (holding that a motion to intervene filed after the

4

commencement of discovery was timely). Only approximately three weeks elapsed between the withdrawal of the state court order permitting intervention and the filing of the instant motion to intervene; this length of time does not constitute undue delay. *See Patel Family Trust v. AMCO Ins. Co.*, No. 2:11-CV-1003, 2012 WL 1340371, at *2 (S.D. Ohio Apr. 17, 2012) (holding that a delay of eight weeks between a potential intervenor becoming aware of a lawsuit and the filing of a motion to intervene did not constitute undue delay).[1]

The Intervening Parties appear to have a valid purpose in seeking to intervene in this action; they assert that they provided medical services to Hill, and have been unable to recover payment from Travelers. [6 at 2]. Travelers does not dispute that the Intervening Parties provided services to Hill, but denies any liability to the Intervening Parties under the Michigan No-Fault Act. [8 at 2]. Clearly, the Intervening Parties' purpose in seeking to intervene falls within Rule 24's ambit. *Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 373 (6th Cir. 2014) (holding that an intervenor must demonstrate a direct, significant, legally protectable interest).

No party has alleged that it would suffer any prejudice from the Intervening Parties being permitted to intervene, and given the Intervening Parties' relative promptness, the Court finds that no party would be unduly prejudiced by granting their instant motion. *See Stotts v. Memphis Fire Dep't,* 679 F.2d 579, 592 (6th Cir.1982) ("The prejudice inquiry is narrow: only that prejudice attributable to a movant's failure to act promptly may be considered. The broader factor of prejudice that may flow from the intervention itself does not weigh in the balance.").

---

[1] While it is unclear why the Intervening Parties were initially unaware of this action's removal to federal court, they did promptly seek and were granted the right to intervene in the state court when they believed the action was venued there. This demonstrates some degree of diligence on their part, rather than a "wait-and-see" approach that might lead the Court to conclude their motion was untimely. *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 584 & n. 3 (6th Cir. 1982).

Finally, the Court is unaware of any unusual circumstances militating against intervention. Accordingly, the timeliness factor weighs in favor of intervention.

Next, the Intervening Parties must demonstrate that they have a substantial legal interest in the subject matter of the case. Given the amount and nature of the Intervening Parties' alleged financial interests in this case, they have clearly met this burden. *See Kasprzak v. Allstate Ins. Co.*, No. 12-CV-12140, 2013 WL 1632542, at *2 (E.D. Mich. Apr. 16, 2013) (holding that a medical services provider seeking to intervene in order to recover $25,000 in medical service fees under Michigan's No-Fault Act demonstrated a substantial interest).

Finally, the Intervening Parties must demonstrate that their interests will be impaired by their absence from this action, and that the parties already before the court cannot adequately protect their interests. Both Hill and the Intervening Parties wish to have Hill's outstanding medical expenses paid. *See Kasprzak*, 2013 WL 1632542, at *2 (noting the uniformity of interest between a medical services provider and plaintiff-patient in an action against a medical insurance provider). However, an intervenor must only demonstrate that an impairment of its legal interests is possible, a burden which has been described as "minimal." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

The Intervening Parties' interest is derivative of Hill's interest; if Hill is unable to recover against Travelers, the Intervening Parties' claim will similarly fail. Thus, while the Intervening Parties have the same ultimate goal as Hill, they have an interest in presenting their own arguments to ensure their best chance at recovering the amounts they allege Travelers owes them. *Pride*, 2011 WL 692299, at *3 (holding that a hospital intervenor's interests would be adversely affected by its absence from a trial, despite having a unanimity of interest with the patient plaintiff who sought compensation from a medical insurance company).

Similarly, an intervening party must only demonstrate that the representation of its interests by parties already before the court *may* be inadequate.  *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n. 10 (1972).  While Hill and the Intervening Parties share a goal in recovering payments from Travelers, it is also true that Hill, as a debtor to the Intervening Parties, cannot adequately represent those parties' interests.  *Pride*, 2011 WL 692299, at *3.  In sum, the Court is satisfied that the Intervening Parties have demonstrated that their absence from this action will impair their interests, and that no party presently involved in the action can sufficiently represent their interests.

Thus, each of the four factors under Fed. R. Civ. P. 24(a)(2) weighs in favor of granting the Intervening Parties' motion.

### B. Permissive Intervention

Even if the Intervening Parties had failed to establish their entitlement to intervention as of right under Rule 24(a)(2), this Court would nonetheless recommend granting them permissive intervention under Rule 24(b).  First, for the same reasons discussed above, the Court finds that the instant motion is timely.  Second, because Travelers argues that it is not legally obligated to pay the Intervening Parties under Michigan's No-Fault Act just as it argues that it is not legally obligated to Hill, the Intervening Parties' claims, and Travelers' defenses to those claims, share common questions of law and fact with other claims and defenses in the action.  Finally, the Court again notes that none of the parties to this action has objected to the instant Motion to Intervene, and, as discussed above, it finds that allowing the Intervening Parties to intervene will not unduly delay or prejudice the adjudication of the original parties' rights. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000).

7

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING** Cardinal Referral Network, LLC; TBI Villas of Troy, LLC; and TBI Management, LLC's Motion to Intervene **[6]**.

Dated: January 22, 2015             s/David R. Grand
Ann Arbor, Michigan               DAVID R. GRAND
                                     United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2015.

                                       s/Eddrey O. Butts
                                       EDDREY O. BUTTS
                                       Case Manager